**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **BLU PRODUCTS, INC.** and **CT MIAMI, LLC**         § § § | |
| *Plaintiffs,*         § § | Civil Action No. 2:17-cv-458-JRG-RSP |
| v.         § § | JURY TRIAL DEMANDED |
| **LG ELECTRONICS, INC., LG ELECTRONICS ALABAMA, INC.** and **LG ELECTRONICS MOBILECOMM U.S.A., INC.,**         § § § § § | |
| *Defendants.*         § | |

**PLAINTIFFS BLU PRODUCTS, INC. AND CT MIAMI, LLC'S EMERGENCY OPPOSED MOTION FOR HEARING ON ITS SEALED MOTION FOR PRELIMINARY INJUNCTION AND REQUEST FOR EXPEDITED BRIEFING AND HEARING (DKT. 7)**

COME NOW, Plaintiffs BLU Products, Inc. ("BLU") and CT Miami, LLC ("Plaintiffs" or "BLU"), and hereby file this Emergency Opposed Motion for Hearing On Its Sealed Motion for Preliminary Injunction and Request for Expedited Briefing and Hearing (Dkt. 7).

**FACTUAL BACKGROUND**

On June 12, 2017, Plaintiffs filed a motion for preliminary injunction requesting an order enjoining Defendants LG Electronics, Inc., LG Electronics Alabama, Inc., and LG Electronics Mobilecomm U.S.A., Inc. (collectively "Defendants" or "LGE") from pursuing an improper action at the United States International Trade Commission ("ITC"). *Id.* Defendants' pursuit of the ITC action violates their contractual FRAND obligation to offer fair and reasonable licensing terms. Defendants' patents are standard essential and pursuant to Defendants' FRAND obligations, they are not entitled to an exclusion order from the ITC barring importation of BLU products. Instead, Defendants must license their patents to BLU on fair, reasonable and non-

discriminatory terms. With full knowledge that it must license its patents and thus knowledge that ITC remedies are unavailable to it, Defendants filed the ITC action for an improper purpose; namely, to leverage the expense of the ITC action to force a settlement from BLU much higher than Defendants' FRAND obligations would otherwise permit. Consequently, BLU filed a motion asking the Court to enjoin Defendants from pursuing the ITC action and saving BLU from unnecessarily spending millions of dollars in legal fees.

Defendants' response to BLU's motion for a preliminary injunction is currently due on June 26, 2017. Reply and sur-reply briefing will be complete by July 10, 2017.

The ITC held a scheduling conference today, June 19, 2017. Although the schedule is not final, LGE's proposed schedule includes several important and expensive deadlines to be met in the next 60 plus days, including identification of experts, identification of claim terms to be construed, opening *Markman* briefs, with fact discovery closing on October 13, 2017. The trial is set to begin February 5, 2018. Moreover, discovery has begun, and LGE has propounded document request and interrogatories, as has the Staff Attorney for the ITC. LGE has also issued several subpoenas to third parties seeking documents and deposition testimony.

### **ARGUMENT**

The issue before the Court of whether LGE should be enjoined from pursuing an ITC claim against BLU is purely legal in nature: namely, whether LGE can pursue the purely equitable remedy of an exclusion order on standard essential patents. Given the purely legal nature of the issue, no fact discovery is needed for the Court to decide BLU's motion for a preliminary injunction. Given that briefing on BLU's motion for preliminary injunction will be complete by July 10, 2017, that the issue presented in said motion is purely legal in nature, that the ITC action has now been set for trial in February of 2018 and that with every day that passes

BLU incurs unnecessary and substantial legal fees defending an improper action at the ITC, BLU respectfully requests a hearing on its motion for preliminary injunction at the Court's earliest opportunity after July 17, 2017.

WHEREFORE, premises considered, BLU respectfully requests that the Court enter an order setting its Motion for Preliminary Injunction for a hearing at the Court's earliest opportunity after July 17, 2017.

Dated: June 19, 2017

Respectfully submitted,

By: /s/ William E. Davis, III
William E. Davis, III
Texas State Bar No. 24047416
**The Davis Firm, PC**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661
Email: bdavis@bdavisfirm.com

Barry P. Golob
Kerry B. McTigue
**COZEN O'CONNOR**
1200 Nineteenth Street, N.W.
Washington, DC 20036
Telephone: (202) 912-4800
Facsimile: (202) 861-1905
Email: kmctigue@cozen.com
bgolob@cozen.com

James A. Gale, Esq.
**COZEN O'CONNOR**
One Biscayne Tower, Suite 3000
Miami, FL 33131
Telephone: (305) 358-5001
Facsimile: (305) 704-5955

*Attorneys for Plaintiffs
BLU Products, Inc. and
CT Miami, LLC*

...

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this response was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(V). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on this the 19th day June 2017.

*/s/ William E. Davis, III*
William E. Davis, III

**CERTIFICATE OF CONFERENCE**

The undersigned certifies that counsel has complied with the meet and confer requirement in Local Rule CV-7(h), and that this motion is opposed.

/s/ William E. Davis, III
William E. Davis, III